IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 2:18-CR-101 |
| | : | |
| vs. | : | |
| | : | |
| SAMANTHA HOLLIS | : | |
| | : | |

### ORDER

AND NOW, on the _____ day of _____, 2020, upon consideration of the defendant's Motion to Modify the condition of pre-trial release which mandates that defendant Samantha Hollis must provide at least 3 days notice prior to travel, it is hereby ORDERED that said Motion is GRANTED.  Accordingly, that specific condition of pre-trial release is stricken and Samantha Hollis need not provide U.S. Pre-Trial Services with notice 3 days prior when traveling within the United States.

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 2:18-CR-101 |
| | : | |
| vs. | : | |
| | : | |
| SAMANTHA HOLLIS | : | |
| | : | |

### DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

TO THE HONORABLE GENE E.K. PRATTER, JUDGE, UNITED STATES EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:

COMES NOW the defendant, Samantha Hollis, through her attorney Lawrence J. Bozzelli, Esquire, and pursuant to the Federal Bail Reform Act and Rule 18 U.S.C. §3142, to respectfully request that this Honorable Court enter an Order modifying the condition of pre-trial release which mandates that Hollis inform her U.S. Pre-Trial Officer 3 days prior to travel and averts the following:

1) On January 18, 2019, Ms. Hollis appeared before the Hon. Timothy Rice. At that time, present counsel was not yet appointed to represent the petitioner. At that hearing, the Government requested that the defendant notify any potential employer of this indictment as part of her pre-trial release conditions.

2) The docket does reflect that this condition of pre-trial release was agreed to by Ms. Hollis, but it is unclear if the she had legal representation at that time.

3) The Bail Reform Act establishes no formal procedure or burdens of proof for determining conditions of pretrial release. 18 U.S.C. §3142(c)(1)(B).

4) As far as counsel can see, Judge Rice granted the Government's request without making any factual determination on the record as to why this condition of pre-trial release is necessary to protect the public or ensure her appearance.

5) The magistrate judge must choose the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of other persons and the community. 18 U.S.C. §3142(c)(1)(B).

6) Ms. Hollis has been a licensed physician's assistant since 2006.

7) Ms. Hollis has a impressive résumé.  She attended college at Delaware State University and graduated in 1999 with a degree in biology and pre-med.  She then received her degree to become a Physician's Assistant by attending the John H. Stroger Cook County Hospital in Chicago in 2006.  Ms. Hollis then received her Masters' degree from St. Francis University in Loretto, PA also in 2006. Ms. Hollis has worked over 11 years in areas of urgent care and family practice.  She also is a Member of National Medical Association; AAPA – the American Association of Physician's Assistants, as well as their Delaware and Pennsylvania chapters.

8) Ms. Hollis denies the charges against her and asserts her innocence.

9) Ms. Hollis has been on pre-trial release for approximately 1 ½ years with no violations.

10) Ms. Hollis explains that according to the terms of her release, she must notify U.S. Pre-Trial Officer Angie Ramirez at least 3 days prior when traveling to any location outside of Maryland, Delaware and the Eastern District of Pennsylvania.

11) Ms. Hollis is trying to secure employment in any way possible.  The pending criminal trial has caused her to lose many employment opportunities.  She currently is working for a company called PIVOT Health. The scope of her employment covers giving scheduled physical exams or acting as a nurse practitioner at large company sites. The current scope of her employment is to serve as a temporary worker who can fill in for other workers, usually on last minute notice.  Thus, she has had to turn down employment in New Jersey because she was notified a day prior and this would violate the 3 day notice requirement.

12) Ms. Hollis is only asking that this conditional of travel apply within the continental United States and is not seeking to leave the country.

13) Ms. Hollis will continue to notify her pre-trial officer of any travel prior to commencing the travel.

14) The current trial has been rescheduled with no new date set.  Based upon counsel's own experience with the current state of the court and COVID-19, I cannot see a multi-week long, multi-defendant jury trial going to trial anytime in the near future.

15) The defense is therefore requesting that your Honor amend the terms of Hollis' pre-trial release to permit her to travel within the continental United States without notifying U.S. Pre-Trial Services 3 days prior to travel.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order granting the Motion to Modify the condition of pre-trial release which mandates that Samantha Hollis provide 3 days notice prior to traveling.

Respectfully submitted,

*LBm*

LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

**CERTIFICATE OF SERVICE**

     I, Lawrence J. Bozzelli, attorney for Ms. Hollis, hereby certify that I have served copies of the Defendant's Amended Motion to modify the condition of pre-trial release which mandates that Hollis inform any current or future employer of this Indictment via PACER/e-mail to (1) Jason Bologna, Assistant United States Attorney, and (2) the Honorable Gene E.K. Pratter on the below listed date.

 

*/s/ Lawrence J. Bozzelli*

LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

DATE:  November 9, 2020