IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 2:18-CR-101 |
| | : | |
| vs. | : | |
| | : | |
| SAMANTHA HOLLIS *et al* | : | |
| | : | |

### ORDER

AND NOW, on the _____ day of _____, 2021, upon consideration of the defendant's Motion to Continue the Current Trial Date, the Court determines as follows:

On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the

Case 2:18-cr-00101-GEKP   Document 273   Filed 05/17/21   Page 2 of 7

exception of a limited number of cases (not including the instant case) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the instant case) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court. On November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

The Chief Judge subsequently issued additional Standing Orders extending the continuance of all criminal jury trials due to conditions related to the pandemic. Most recently, on March 30, 2021, the Chief Judge issued a Standing Order continuing all criminal jury selections and jury trials scheduled to begin on or before May 3, 2021. The Chief Judge stated that the test period for criminal jury trial will resume at that time. As outlined in an earlier Standing Order issued on March 18, 2021, that process will involve only one criminal jury trial at a time conducted in the Courthouse in order to protect the health and safety of participants. The Chief Judge directed that all cases in which a trial is not designated to be held during the test period are continued through at least June 7, 2021.

The Chief Judge accordingly found his actions "necessary and appropriate . . . in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the March 30, 2021, order, the Court declared the period of time until May 3, 2021, will be excluded in the Speedy Trial Act calculation in each case, and further:

> For those criminal cases that cannot be tried during the initial test period consistent with the health and safety protocols and limitations necessary for the conduct of jury trials at this time, as described in prior Standing Orders and the Initial Guidelines for the Reinstitution of Jury Trials, the additional time period from May 3, 2021, through June 7, 2021, shall also be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the circumstances regarding the COVID-19 outbreak in this district, resumption of jury trials without these health and safety protocols and limitations prior to June 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial.

This Court further finds that, because of the restrictions on public movement and interactions at the present time identified by the Chief Judge, a continuance of the present trial date is required to allow adequate preparation by the parties for pretrial proceedings and for the trial.

For all of these reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. This Court accordingly ORDERS that the trial in this matter is continued to _____, 202___, and further ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay from the

entry of this Order until the trial date set here shall be excluded under the Speedy Trial Act.

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 2:18-CR-101 |
| | : | |
| vs. | : | |
| | : | |
| SAMANTHA HOLLIS *et al* | : | |
| | : | |

**DEFENDANT'S MOTION TO CONTINUE THE CURRENT JURY TRIAL**

TO THE HONORABLE GENE E.K. PRATTER, JUDGE, UNITED STATES EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:

COMES NOW the defendant, Samantha Hollis, through her attorney Lawrence J. Bozzelli, Esquire, to respectfully request that this Honorable Court enter an Order to continue the current jury trial date and averts the following:

1) The defendant is alleged to have committed the crime of *Maintaining Drug Involved Premises* per 21 U.S.C. §856 and related charges.

2) The defendant was indicted and appeared in court on or about January 18, 2019 for her Pre-Trial Detention Hearing/Arraignment. On the same day, CJA appointed counsel, Lawrence J. Bozzelli entered his appearance to represent the defendant in Federal Court.

3) Under the Speedy Trial Act, 18 U.S.C. §3161(c)(1), as a general matter, a defendant must be tried within 70 days from the date of the indictment or within 70 days from the date of the defendant's initial appearance to face the charges in the district in which the case is pending, whichever is the later date.

4) The current trial date is set for June 7, 2021 at 10:00am.

5) The defense believes that the Courts are seeking to resume jury trials involving single defendant cases with a minimal amount of witnesses that could be resolved in 3-4 days. Clearly, the instant case is not that type of case.

6) This case involves intensive preparation by all parties and counsel believes it is prudent to ask the Court to consider continuing the matter until a time that the Courts and the Chief Judge consider it safe and appropriate to proceed due to the pandemic.

7) Counsel believes that it is necessary to continue the current trial date for the reasons outlined above.

WHEREFORE, it is respectfully requested that current jury trial date set for June 7, 2021 be continued until the appropriate time.

Respectfully submitted,

LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

## CERTIFICATE OF SERVICE

I, Lawrence J. Bozzelli, attorney for Ms. Hollis, hereby certify that I have served copies of the Defendant's Amended Motion to modify the condition of pre-trial release which mandates that Hollis inform any current or future employer of this Indictment via PACER/e-mail to (1) Jason Bologna, Assistant United States Attorney, and (2) the Honorable Gene E.K. Pratter on the below listed date.

*/s/ Lawrence J. Bozzelli*
LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

DATE:  May 17, 2021