IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 18-101 |
| : | |
| MEHDI NIKPARVAR-FARD : | |
| AVROM BROWN : | |
| MITCHELL WHITE : | |
| JASON DILLINGER : | |
| WILLIAM DEMEDIO : | |
| DEBRA CORTEZ : | |
| NEIL CUTLER : | |
| SAMANTHA HOLLIS : | |

**GOVERNMENT'S REQUESTED JURY VOIR DIRE QUESTIONS**

The United States of America, by its undersigned attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, and Jason P. Bologna and Mary Kay Costello, Assistant United States Attorneys, respectfully requests that this Honorable Court ask the following questions of the jury panel during the jury selection process:

1. The indictment charges the defendants, who were medical professionals, with a series of drug violations relating to the illegal prescribing of opioids. Specifically, Counts One through Four of the indictment charge defendants with maintaining a drug-involved premises, and aiding and abetting the maintenance of a drug-involved premises, from January 10, 2014, through August 31, 2017. Count Five charges defendants with conspiracy to distribute oxycodone from May of 2014 through July 9, 2015. The indictment alleges that the defendants worked at Advanced Urgent Care (AUC), which was a business that provided medical services to the public, to include pain management, suboxone treatment, and urgent care. AUC had Pennsylvania medical offices in Philadelphia, Montgomeryville, and Willow Grove. Count One

alleges criminal violations by Mehdi Nikparvar-Fard, Mitchell White, Jason Dillinger, and Samantha Hollis. Count Two alleges criminal violations by Mehdi Nikparvar-Fard, Mitchell White, Jason Dillinger, and Debra Cortez. Count Three alleges criminal violations by Mehdi Nikparvar-Fard, Avrom Brown, William Demedio, Debra Cortez, Jason Dillinger, Neil Cutler, and Mitchell White. Count Four alleges criminal violations by Mehdi Nikparvar-Fard, Avrom Brown, and Debra Cortez. Count Five involves a conspiracy to unlawfully distribute controlled substances. Mehdi Nikparvar-Fard, Jason Dillinger and Mitchell White are charged in this count. Are you personally acquainted with any of the defendants or do you, or any member of your family, or any friend, have any connection of any kind with any of the defendants?

      2. Do you know counsel for the government, Jason P. Bologna or Mary Kay Costello, or counsel for the defendants, Frank DeSimone, Joseph Poluka, Brian McMonagle, Ann Flannery, Rocco Cipparone, Richard J. Fuschino, David Bahuriak, Kevin Birley, and Lawrence Bozzelli? If yes, please explain.

      3. To your knowledge, has any lawyer in this case ever acted as your attorney or as the attorney for any family members or friends?

      4. Assistant United States Attorney Jason P. Bologna will now read a list of persons whom the government anticipates might be called as witnesses during this trial, or about whom you might hear testimony during the trial. Please pay close attention. If you know any of these persons, or if you believe that you know anything about any of these persons, please raise your hands at the end of the list. You might be asked additional questions about that.

      5. The government alleges that the incidents at issue in this case occurred at AUC medical offices located at 5058 City Avenue in Philadelphia, 9432 East Roosevelt Boulevard in Philadelphia, 721 Bethlehem Pike in Montgomeryville, and 126 Easton Road in Willow Grove.

Do you or any member of your family, or any close friend, live in or near or frequent these areas?  If so, would your familiarity with any of these areas make it difficult for you to fairly and impartially serve as a juror in this matter?

6. Do you have any information with respect to the alleged offenses or know anything about the facts of the case?  Has anyone seen, heard, or read anything about this case on radio or television or in the newspapers or on the internet?  Have you heard anything about this case since you arrived at the courthouse?  If so: (answers to be elicited at bench)

    A. What have you heard or read?

    B. Based upon what you have heard or read, have you formed any opinion about the charges or the guilt or innocence of the defendant?

    C. Could you follow my instructions and disregard what you heard or read and determine the guilt or innocence of the defendant on the basis of the evidence introduced at trial?

7. Do you believe that you would not be able to decide this case fairly because of the nature of the charges contained in the indictment?

8. Do you have any preconceived opinions about the narcotics laws that would make you unable to decide this case on the evidence presented and the law as stated by the court?  For example, do you believe that the federal narcotics laws are unconstitutional?  Do you view violations of drug laws as "victimless crimes?"

9. Do you believe that the use, possession or distribution of narcotics should be legalized?  If yes, please explain.

10. Do you think that if a doctor prescribes or dispenses drugs, whether controlled substances or not, it must be proper and lawful because done by a doctor?

11. Have you or any members of your family or any close friends ever had a problem with substance abuse, including abuse of prescription medications? You may inform the Court at sidebar rather than in open court if you wish.

12. Are you or any members of your family employed in positions that require frequent contact with substance abusers. If so, please explain.

13. Do you believe that being a drug addict or substance abuser is an excuse for committing crimes?

14. Do you believe that selling drugs is a valid or reasonable means of employment?

15. Do you have such negative feelings about drugs that you would be unable to evaluate the evidence fairly?

16. You may hear testimony in this case from one or more witnesses who have admitted participating in criminal activity. These witnesses are competent witnesses and may testify at trial. Is there anyone who believes that it would be difficult or impossible to accept the testimony of any witness who has admitted that he or she has committed a crime, just because that person has committed a crime?

17. One or more of the witnesses in this case may receive, in the future, lesser sentences in exchange for cooperation with the government. Such a cooperation agreement is lawful and proper. Do any of you believe that the government should not offer reduced sentences in exchange for cooperation and testimony?

18. Does anyone have any objections to law enforcement officials legally taping conversations between government agents and suspected criminals?

19. Do you, or does any member of your family or close friend, have any involvement with the United States Government, the U.S. Department of Labor, the Federal Bureau of

Investigation, the Drug Enforcement Administration, the U.S. Department of Health and Human Services, the U.S. Office of Personnel Management, or any other federal or local law enforcement agency?  Do you have any negative feelings towards the agencies I just named or any other law enforcement agency which would affect your ability to render a fair and impartial verdict in this case?

20. Have you ever had, or do you now have, or do you anticipate having, any case or dispute with or claim against the United States Government, including the Internal Revenue Service?

21. Have you had any dealing with the United States Government in which you feel that the government did not give you fair treatment?  If so, please explain.

22. Has anyone had any negative experiences with any law enforcement officers or agents that would cause you not to be fair and impartial?

23. Have you ever been a juror before?  If yes, where, when, and in what type of case (civil or criminal)?  If yes, did you reach a verdict?  Without telling us the verdict in that case, were you satisfied with the verdict?

24. Have you had any training in law?  If so, please describe.  Are any members of your family, close friends, or work associates attorneys?  If so, what type of law do they practice?

25. Have you or any member of your immediate family, close friends, or relatives ever been the victim of a crime or participated in a criminal case as a complainant, witness for the Government, or the Commonwealth, or in some other capacity?  If yes, please explain.

26. Have you or any member of your immediate family, close friends, or relatives ever been arrested or participated in a criminal case as a defendant, witness for the defense, or in

some other capacity?   If yes, please explain.

27. Do you believe that you or any member of your immediate family, close friends, or relatives has ever been unfairly accused or convicted of a crime?   If yes, please explain.

28. Would any of you believe a witness just because s/he testifies on behalf of the government?   Would any of you believe a witness just because s/he testifies on behalf of the defense?

29. Is there any member of the panel who feels that he or she could not fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

30. Does anyone believe that a person is guilty just because they are here in court?

31. The defendant in a criminal case is allowed to testify if he wishes, but is never required to testify.   Under the law, jurors are not allowed to hold against the defendant because he chooses not to testify.   Could you follow this rule?

32. Has any member of the panel, or relative or close friend, ever been in military service, employed by the United States Government or any state, local or private law enforcement agency?   If so:

    A. In what capacity did you, your relative or close friend serve?

    B. If a relative or close friend is or was so employed, do you or did you often discuss their work with them?

33. Does anyone have any opinions, religious beliefs, philosophies, or prejudices which might make you unable to come to a fair and impartial verdict in this case?   For example, do you believe that no person should ever be judged or convicted?

34. Do you have any physical, emotional or psychological disability, impairment, or condition or are you taking any medication that would interfere with your ability to hear, see, pay attention to, or understand the evidence in this case?

35. If you were representing the government or the defendant in this case, is there any reason why you would not be content to have the case decided by someone in your frame of mind?

36. Is there any matter pending in your life, about which you are concerned, that would prevent you from devoting your full, undivided attention to this trial?

37. Can you think of any other matter which you should call to the Court's attention which might have some bearing on your qualifications as a juror, or which may prevent you rendering a fair and impartial verdict based solely upon the evidence and my instruction on the law?

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

*s/David Troyer*
DAVID TROYER
Assistant United States Attorney
Chief, Government and Health Care Fraud

*s/Mary Kay Costello*
JASON P. BOLOGNA
MARY KAY COSTELLO
Assistant United States Attorneys

Date: December 22, 2021

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a copy of the Government's Requested Voir Dire Questions has been served by electronic filing on this date to:

> Frank DeSimone, Esq.
> Joseph Poluka, Esq.
> Brian McMonagle, Esq.
> Ann Flannery, Esq.
> Rocco Cipparone, Esq.
> Richard J. Fuschino, Esq.
> David Bahuriak, Esq.
> Kevin Birley, Esq,
> Lawrence Bozzelli, Esq.

> s/ *Mary Kay Costello*
> MARY KAY COSTELLO
> Assistant United States Attorney

Dated: December 22, 2021