IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Crim. No.  2:18-CR-101-12 |
| : | |
| vs. : | |
| : | |
| SAMANTHA HOLLIS et al : | |
| : | |

### DEFENDANT'S MOTION TO JOIN PRE-TRIAL MOTION TO STAY JURY TRIAL [Docket #410]

TO THE HONORABLE GENE E.K. PRATTER, JUDGE, UNITED STATES EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:

COMES NOW the defendant, Samantha Hollis, through her attorney Lawrence J. Bozzelli, Esquire, and makes the request to join defendant Mitchell White's Pre-Trial Motion to Stay the Current Jury Trial and averts the following:

1) Samantha Hollis respectfully requests to join defendant Mitchell White's pre-trial motion to Stay the Current Jury Trial [Docket #410].

2) On May 12, 2022, all parties convened in your Honor's court to discuss whether this case would proceed to trial as planned on May 31, 2022.  At that hearing, the prosecution formally announced that additional discovery that was overlooked was being produced to the defense.

3) Hollis argues that the prosecution violated her Constitutional and statutory rights to a speedy trial. The Sixth Amendment guarantees "the right to a speedy ... trial." U.S. Const. amend. VI. To effectuate this constitutional guarantee, Congress enacted the Speedy Trial Act, 18 U.S.C. § 3161 et seq. , which "set[s] specified time limits ... within which criminal trials must

be commenced." *United States v. Williams*, 917 F.3d 195, 199 (3d Cir. 2019) (quoting *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988) ).

4) The Speedy Trial Act requires that trial begin within 70 days of indictment or initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). However, certain periods of time may be excluded, including when a judge grants a continuance "on the basis of his findings that the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *United States v. Shulick*, 18 F.4th 91 (3rd Cir. 2021)

5) Hollis and her counsel were prepared to start trial on May 31, 2022. The defense had reviewed the discovery that was provided to them over the course of the past few years.

6) The late production by the prosecution of more than 75 hours of audio and video recordings includes hours of undercover footage of co-defendant Joanne Rivera, who is a critical witness for the Government in addition to others at Advanced Urgent Care. Most of the recordings are from 2017 from a previously undisclosed source. These recording also include an previously undisclosed informant who was working inside of the health clinic. As of the writing of this motion, the defense has not been informed whether the informant was compensated for his work or even if he himself had open criminal cases.

7) The prosecution also disclosed that one of the cooperating doctors in the instant case also cooperated with authorities in at least 5 other instances. Naturally, the defense is concerned that there may be other reports and recordings of patient interviews that have not yet been produced.

8) As mentioned in other defense filings, the prosecution's last minute discovery production included more than 300 patient files which contained over 65,000 pages that the Government

had previously refused to reproduce despite defense requests. There is no reasonable excuse as to why these files were not produced over that past 3 years.

9) The defense disputes the prosecution's contention that they were ready to proceed to trial on May 31, 2022. This assertion also applies to the January 2022 trial date. Thus, Hollis argues that this time should not be calculated as defense time under the Speedy Trial Act. See 18 U.S. Code § 3161 - Time limits and exclusions.

10) Samantha Hollis waives neither her Sixth Amendment rights to a speedy trial nor her Fifth Amendment rights to Due Process and the effective assistance of counsel. It is now impossible for these fundamental rights to be met fairly. Hollis intends to file a motion to dismiss the superseding indictment, and respectfully requests that the May 31 trial date be suspended while the motion is prepared.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order granting the defendant Samantha Hollis permission to join the above listed pre-trial motion to Stay the Jury Trial and incorporate the defense arguments contained therein.

                                                Respectfully submitted,

                                                LAWRENCE J. BOZZELLI
                                                Attorney for Samantha Hollis

## CERTIFICATE OF SERVICE

I, Lawrence J. Bozzelli, attorney for Ms. Hollis, hereby certify that I have served copies of the Defendant's Motion for Joinder via PACER/e-mail to (1) MaryKay Costello, Assistant United States Attorney, and (2) the Honorable Gene E.K. Pratter on the below listed date.

LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

DATE:  May 26, 2022