### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 2:18-CR-101-12** |
| | : | |
| vs. | : | |
| | : | |
| **SAMANTHA HOLLIS et al** | : | |
| | : | |

## ORDER

AND NOW, on the this date of _____, 2022, upon consideration of the defendant's Order to Dismiss the Superseding Indictment, it is hereby ORDERED that said Motion is GRANTED.

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No.  2:18-CR-101-12 |
| | : | |
| vs. | : | |
| | : | |
| SAMANTHA HOLLIS et al | : | |
| | : | |

### DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

TO THE HONORABLE GENE E.K. PRATTER, JUDGE, UNITED STATES EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:

COMES NOW the defendant, Samantha Hollis, through her attorney Lawrence J. Bozzelli, Esquire, and pursuant to the Federal Rules of Evidence to respectfully request that this Honorable Court enter an Order to Dismiss the Superseding Indictment for the reasons incorporated within this memorandum.

**I.     BACKGROUND**

1. The defendant Samantha Hollis was charged along with several other defendants in this case wherein they are alleged to have illegally prescribed prescription narcotics in violation of 21:856(a)(1) - *Maintaining Drug-Involved Premises*; 18:2 - *Aiding And Abetting*.

2. Undersigned counsel has analyzed the *Motion to Compel Discovery and Dismiss the Superseding Indictment* filed by co-defendant Nikparvar Fard which is filed as docket #462.

3. Naturally, Dr. Fard is the lead defendant and many of the criminal allegations contained in the Superseding Indictment are directed at him.  As a result, the motion filed by his counsel provides a detailed and thorough chronological review of the missteps and mishandling by

1

the Government and their production of discovery. Undersigned counsel would seek to incorporate these averments into this *Motion to Dismiss the Superseding Indictment*. These averments by Dr. Fard include, but are not limited to, the Government confirming via email that all medical records have been produced only to change course and provide addition medical records as well as the failure to produce recorded conversations with a cooperating defendant that contained impeachment material. Joanne Rivera, a co-defendant and critical Government cooperator who has plead guilty, was secretly recorded making many statements about AUC that directly contradict such a guilty plea and that indicate that the medical practice did not knowingly or intentionally prescribe controlled substances illegally.

4. Hollis would echo the underlying theme that the Government has consistently indicated to the Court that they were ready to proceed despite not turning over important and required discovery. Several delays have been caused due to the Government's last minute production of voluminous discovery.

5. The delays in this trial have affected Samantha Hollis in the same way it has affected the other defendants. Their professional and personal lives have been on hold and uncertainty looms overhead as they wait for this case to be resolved.

## II.  LEGAL ARGUMENT

6. "In *Brady v. Maryland*, the Supreme Court held that criminal defendants have a due process right to access exculpatory and material evidence in the Government's possession with sufficient time to make use of that evidence at trial. 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)" *United States v. Alvin*, 30 F. Supp. 3d 323 (E.D. Pa. 2014). "A prosecutor must disclose evidence which, "if made available [to the defendant], would tend

to exculpate him or reduce the penalty." *Brady*, 373 U.S. at 87–88, 83 S.Ct. 1194.

7. "Evidence is material if there is a reasonable probability that, if the evidence had been disclosed, the result of the proceeding would have been different." *Wilson v. Beard*, 589 F.3d 651, 665 (3d Cir.2009). Whether evidence tends to create this doubt is case-specific; if the other evidence in the case is relatively weak, "additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." *United States v. Agurs*, 427 U.S. 97, 113, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

8. The Government must disclose all exculpatory and material evidence in its possession. Whether the prosecutor had personal knowledge of the evidence is irrelevant, as "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

9. The arguments presented by Dr. Fard are directly related to defendant Hollis. The only substantive count against Hollis is *Maintaining Drug-Involved Premises*. Hollis' defense is strengthen if it can be demonstrated that Dr. Fard was acting inside the bounds of normal practice. Thus, it is just as important to Hollis if it can be shown that Dr. Fard refused to prescribe oxycodone to CS-14-147168 because the informant had a normal MRI.

10. "A *Brady* violation occurs if: (1) the evidence at issue is favorable to the accused, because either exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was "material." *Wilson v. Beard*, 589 F.3d 651, 659 (3d Cir.2009).

11. The Government withheld the late evidence that was in their possession for years before it was ultimately produced weeks before the May 31, 2022 trial date. The late evidence is

3

both exculpatory and impeaching. The Government also continues to withhold exculpatory and impeachment evidence related to confidential sources. To convict Dr. Fard with *Maintaining Drug-Involved Premises*, the Government will need to prove that Dr. Fard issued prescriptions knowing or intending those prescriptions to be illegal and that he maintained AUC locations for the purpose of that illegal prescribing. 21 U.S.C. § 856(a)(1); see *Ruan*, 597 U.S. ___ (2022), slip op. 4-5. Evidence that demonstrates that Dr. Fard and his employees, such as Hollis, were practicing medicine consistent with legitimate medical standards is exculpatory because is shows that the clinics were not "pill mills" but normal medical facilities.

12. "A trial court need not rely on Brady to justify dismissal of an indictment as a remedy for improper prosecutorial conduct; it may also remedy Rule 16 discovery violations under its supervisory powers. See *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir.1991); *Government of Virgin Islands v. Fahie*, 419 F.3d 249 (3rd Cir. 2005)

13. It is not an excuse for the Government to claim that either the agent or the prosecutor was unaware of the non-production of the evidence. There exists only one Government, and the prosecutor is responsible for the conduct of the agents.

### III. CONCLUSION

This case has been in existence for almost 4 years and the constant missteps and failure to efficiently provide the defense with discovery has become too substantial. Thus, dismissal is the only remedy to ensure that an erroneous verdict is not reached and that similar conduct by the Government is deterred. Accordingly, for the reasons set out above, the Court should compel disclosure of the requested discovery and dismiss the Superseding Indictment.

Respectfully submitted,

LAWRENCE J. BOZZELLI
Attorney for Samantha Hollis

**CERTIFICATE OF SERVICE**

      I, Lawrence J. Bozzelli, attorney for Ms. Hollis, hereby certify that I have served copies of the Defendant's Motion in Limine via PACER/e-mail to (1) M. Costello, Assistant United States Attorney, (2) the Honorable Gene E.K. Pratter and (3) all assigned counsel on the below listed date.


                                    LAWRENCE J. BOZZELLI
                                    Attorney for Samantha Hollis


DATE:  October 24, 2022